# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDA LEHRBACH, on behalf of herself and all others similarly situated, | CASE NO. 1:25-cv-02040 |
| Plaintiff, | |
| v. | |
| EMM LOANS, LLC, | |
| Defendant. | |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement" or "Agreement") is entered into by and between Linda Lehrbach ("Plaintiff" or "Settlement Class Representative"), individually and on behalf of the Settlement Class (defined below); and EMM Loans, LLC ("Defendant" or "EMM") in the case titled *Lehrbach v. EMM Loans, LLC*, Case No. 1:25-cv-02040, in the United States District Court for the District of New Jersey. EMM and Plaintiff are collectively referred to herein as the "Parties." The lawsuit being resolved is referred to herein as the "Litigation."

## I.    FACTUAL BACKGROUND AND RECITALS

WHEREAS, Plaintiff alleges that, on or around February 12, 2024, EMM discovered that its computer systems were impacted by cybercriminals (the "Incident"). Plaintiff alleged that this Incident exposed personally identifiable information ("PII") of at least 2,313 individuals, including EMM's current and former customers. Specifically, the following types of PII were allegedly exposed: names, Social Security numbers, driver's license or other state identification numbers, and/or passport numbers.

WHEREAS, on or about October 30, 2024, EMM began notifying potentially impacted individuals, including Plaintiff and the Settlement Class, about the Incident.

WHEREAS, on March 24, 2025, Plaintiff Linda Lehrbach individually and on behalf of a putative class, filed an action against EMM in the United States District Court for the District of New Jersey, titled *Lehrbach v. EMM Loans, LLC*, Case No. 1:25-cv-02040. Plaintiff brought the following claims: negligence, negligence *per se*, breach of fiduciary duty, breach of implied contract, invasion of privacy, and unjust enrichment. Defendant denies Plaintiff's allegations.

WHEREAS, on January 23, 2026, after a period of informal discovery and mutual exchange of information, the Parties participated in a settlement conference with the Honorable Elizabeth A. Pascal, United States Magistrate Judge for the United States District Court for the District of New Jersey. Throughout the settlement conference, the Parties engaged in an extensive evaluation and discussion of the relevant facts and law, and carefully considered the risk and

1

Docusign Envelope ID: 49B23B72-3D35-8055-8189-BA9EA6BE3B2E

uncertainties of continued litigation and all other factors bearing on the merits of settlement. During the settlement conference, the Parties succeeded in reaching agreement on the principal terms of a settlement—subject to final mutual agreement on all the necessary documentation.

WHEREAS, the Parties have agreed to settle the Litigation on the terms and conditions set forth herein in recognition that the outcome of the Litigation is uncertain and that achieving a final result through litigation would require substantial additional risk, uncertainty, discovery, time, and expense for the Parties.

WHEREAS, EMM continues to deny all claims of wrongdoing or liability that Plaintiff, Settlement Class Members, or anyone else have asserted in this Litigation or may assert in the future based on the conduct alleged in the complaint. Despite EMM's position that it is not liable for, and has good and meritorious defenses to the claims alleged in the Litigation, EMM, without any admission of liability, agrees to settle the Litigation to avoid the expense, risk, exposure, inconvenience, uncertainty, and distraction of continued litigation of any action relating to the matters being fully settled and finally resolved and released in this Settlement Agreement. Neither this Settlement Agreement, nor any negotiation or act performed or document created in relation to the Settlement Agreement or negotiation or discussion thereof is, or may be deemed to be, or may be used as, an admission of, or evidence of, any wrongdoing or liability, any violation of any law, duty, contract, or statute, or of the truth of any of the claims or allegations in the Litigation.

WHEREAS, the Parties now enter into this Settlement Agreement. Plaintiff and Class Counsel have conducted an investigation into the facts and the law regarding the Litigation and have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiff and the Settlement Class, recognizing: (1) the existence of complex and contested issues of law and fact; (2) the risks inherent in litigation; (3) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; (4) the magnitude of the benefits derived from the contemplated settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (5) Plaintiff's determination that the settlement is fair, reasonable, adequate, and will substantially benefit the Settlement Class Members.

WHEREAS, considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests.

WHEREAS, in consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Litigation be settled and compromised, and that the Releasors release the Released Parties of the Released Claims, without costs as to Released Parties, Plaintiff, Class Counsel, or the Settlement Class, except as explicitly provided for in this Settlement Agreement, subject to the approval of the Court, on the following terms and conditions.

Doc ID: 69db83a0d2c0273f0652238b022e5972b23b767306232b1d

## II.   DEFINITIONS

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.      **"Alternative Cash Payment"** means a Settlement Payment of Fifty Dollars and Zero Cents ($50.00), which a Participating Settlement Class Member may claim in lieu of Unreimbursed Economic Losses (defined herein). A claim for an Alternative Cash Payment **does not preclude** the same Settlement Class Member from also receiving Credit Monitoring Services, provided a valid and timely claim for such services is submitted. The Alternative Cash Payment shall be paid (or caused to be paid) by Defendant.

2.      "**Approved Claims**" shall mean complete and timely Claims submitted by Participating Settlement Class Members that have been deemed valid by the Settlement Administrator pursuant to Section III(2), and which shall be paid (or caused to be paid) by Defendant.

3.      **"Claim"** shall mean a claim for Settlement Benefits made under the terms of this Settlement Agreement by a Settlement Class Member.

4.      "**Claim Form**" shall mean the form that Settlement Class Members may submit to make a Claim for one or more Settlement Benefits under this Settlement Agreement, which is attached as **Exhibit C**.

5.      "**Claims Deadline**" shall mean the date by which all Claim Forms must be postmarked (if mailed) or submitted (if filed electronically) to be considered timely and shall be set as a date ninety (90) days after the Notice Deadline. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as well as in the Notice and the Claim Form.

6.      **"Claims Period"** shall mean the period of time which Settlement Class Members may submit Claim Form(s), which will end ninety (90) days after the Notice Deadline.

7.      **"Claims Review Process"** shall mean the process by which the Settlement Administrator reviews and determines whether claims are valid as set forth in Paragraph 51.

8.      "**Class Counsel**" shall mean Cassandra P. Miller of Strauss Borrelli PLLC.

9.      "**Counsel**" or "**Counsel for the Parties**" means both Class Counsel and Defendant's Counsel, collectively.

10.     "**Court**" shall mean the United States District Court for the District of New Jersey.

11.     **"Credit Monitoring Services"** means two (2) years of two-bureau credit monitoring including identity theft protection insurance of at least $1,000,000 to Participating Settlement Class Members under the Settlement.

12.     **"Incident"** means the alleged data security incident discovered by EMM on or about February 12, 2024.

3

Doc ID: 69763226d2c2970662a8b22e5972637306232b1d

13. **"Defendant"** shall mean EMM Loans, LLC.

14. **"Defendant's Counsel"** shall mean Andrew J. Chase of Constangy, Brooks, Smith & Prophete.

15. **"Effective Date"** shall mean one business day following the latest of: (i) the date upon which the time expires for the filing or noticing any reconsideration or appeal of the Final Approval Order and Judgement, or entry of the Final Approval Order and Judgement if no person or entity has standing to appeal or seek reconsideration; (ii) if there is an appeal or appeals or reconsideration sought, the date on which the Final Approval Order and Judgment is affirmed without any material modification and is no longer subject to judicial review; or (iii) the date of final dismissal of any appeal or reconsideration of the final dismissal of any proceeding on certiorari with respect to the Final Approval Order and Judgement, and the Final Approval Order and Judgement is no longer subject to judicial review. Notwithstanding the above, any order modifying or reversing any attorney fees, costs, and expenses or Service Award to a Class Representative shall not affect the "Effective Date" or any other aspect of the Final Approval Order and Judgement.

16. **"Fee and Expense Application"** shall mean the motion to be filed by Class Counsel, in which Class Counsel seeks approval of the Fee Award and Expenses, as well as Service Award for the Class Representative.

17. **"Fee Award and Expenses"** means the amount of attorneys' fees and reimbursement of litigation expenses awarded by the Court to Class Counsel, which shall be paid (or caused to be paid) by Defendant.

18. **"Final"** means that the Final Approval Order has been entered and either (a) the time for appeal has expired without an appeal being filed, or (b) any appeal has been finally resolved such that the Final Approval Order is no longer subject to further appeal or review.

19. **"Final Approval Hearing"** means the hearing before the Court to consider the fairness of the settlement as provided by Fed. R. Civ. P. 23(e)(2) and where the Plaintiff will request a judgment to be entered by the Court approving the Settlement Agreement, approving the Fee Award and Expenses, and approving a Service Award to the Class Representative.

20. **"Final Approval Order"** shall mean an order entered by the Court, in substantially the same form as the one attached hereto as **Exhibit E**, that:

    i.    Certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23;

    ii.    Finds that the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Settlement Agreement;

    iii.    Dismisses Plaintiff's claims pending before it with prejudice and without costs, except as explicitly provided for in this Settlement Agreement;

4

Docusign Envelope ID: 49B23B72-3D3F-8055-8189-BA9EA6BE3B2F

iv.    Approves the Release provided below and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties;

v.    Includes as an exhibit a list of individuals who timely and validly opted out of the Settlement;

vi.    Reserves jurisdiction over the Settlement and this Settlement Agreement; and

vii.    Finds that there is no just reason for delay of entry of Final Approval Order with respect to the foregoing.

21.    "**Frequently Asked Questions**" or "**FAQs**" are questions and answers to those questions that are frequently posed by Class Members about class action settlements and specifically about this Settlement.

22.    "**Litigation**" shall mean the action captioned *Lehrbach v. EMM Loans, LLC*, Case No. 1:25-cv-02040.

23.    "**Long Form Notice**" is the content of the notice substantially in the form as **Exhibit B**, which will be posted on the Settlement Website and will include robust details about the Settlement.

24.    "**Lost Time**" means time spent by a Participating Settlement Class Member addressing issues related to the Incident, valued at $30 per hour for up to three (3) hours (a maximum of $90). Lost Time does not require third-party documentation; however, the Participating Settlement Class Member must attest under penalty of perjury that the time claimed was actually spent responding to the Incident.

25.    "**Notice**" means the direct notice of this proposed Settlement, which is to be provided substantially in the manner set forth in this Settlement Agreement and **Exhibits A and B**. The Notice Deadline in this case will be thirty (30) days after the Preliminary Approval Order is entered.

26.    "**Notice Deadline**" means the last day by which Notice must be issued to the Settlement Class Members, and will occur thirty (30) days after the Preliminary Approval Order is entered.

27.    "**Notice and Administrative Expenses**" means all of the expenses incurred in the administration of this Settlement, including, without limitation, all expenses or costs associated with preparing and sending the required notices to appropriate state and federal officials under the Class Action Fairness Act of 2005, providing Notice to the Settlement Class, locating Settlement Class Members, establishment and maintenance of an escrow account, processing claims, determining the eligibility of any person to be a Settlement Class Member, and administering, calculating and distributing settlement benefits to Participating Settlement Class Members. Administrative Expenses also includes all reasonable third-party fees and expenses and taxes and tax-related expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

5

28.    "**Objection Deadline**" means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a person within the Settlement Class must be postmarked and/or filed with the Court and sent to the Settlement Administrator, which shall be designated as sixty (60) days after the Notice Deadline, or such other date as ordered by the Court.

29.    "**Opt-Out Deadline**" is the last day on which a Settlement Class Member may file a request to be excluded from the Settlement Class, which will be sixty (60) days after the Notice Deadline.

30.    "**Out-of-Pocket Losses**" means unreimbursed, documented monetary costs or expenditures actually incurred by a Participating Settlement Class Member that are fairly traceable to the Incident and not reimbursed by any third party. Out-of-Pocket Losses also include compensation for Lost Time, as defined herein.

31.    "**Participating Settlement Class Member**" means a Settlement Class Member who does not submit a valid Request for Exclusion prior to the Opt-Out Deadline.

32.    "**Parties**" shall mean Plaintiff and Defendant, collectively.

33.    "**Personal Identifying Information**" or ("PII") includes, but is not limited to, names, Social Security numbers, driver's license or other state identification numbers, and/or passport numbers.

34.    "**Plaintiff**" or "**Class Representative**" shall mean the named Class Representative, Linda Lehrbach.

35.    "**Preliminary Approval Order**" shall mean the Court's Order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice of the Settlement to the Settlement Class substantially in the form of the Notice set forth in this Settlement Agreement. Attached as **Exhibit D**.

36.    "**Released Claims**" means any and all claims, demands, rights, actions, causes of action, suits, damages, remedies, obligations, liabilities, and claims for relief of every kind or nature whatsoever, whether known or unknown, arising out of or relating to the Incident or the facts alleged in the Litigation.

37.    "**Released Parties**" shall have the meaning ascribed to it as set forth below in this Settlement Agreement.

38.    "**Releasors**" shall refer, jointly and severally, and individually and collectively, to Plaintiff, the Participating Settlement Class Members, and to each of their predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, and anyone claiming by, through, or on behalf of them.

39.    "**Service Award**" shall have the meaning ascribed to it as set forth below in this Settlement Agreement. The Service Award requested in this matter will be $5,000 to the Plaintiff, subject to court approval, which shall be paid (or caused to be paid) by Defendant.

6

Docusign Envelope ID: 49B23B72-3D3F-8055-8189-BA9FA6BE3B2F

40.    "**Settlement Administrator**" means, subject to Court approval, Simpluris, an entity jointly selected and supervised by Class Counsel and Defendant to administer the settlement.

41.    **"Settlement Benefits"** means the settlement relief available to Participating Settlement Class Members with Approved Claims, namely Credit Monitoring Services and either compensation for Unreimbursed Economic Losses *or* Alternative Cash Payment, as provided in Section III.

42.    "**Settlement Class**" or **"Class"** means "All individuals residing in the United States whose PII was implicated in the Incident discovered by EMM in February 2024, including all those individuals who received notice of the Incident." Excluded from the Settlement Class are: (a) Defendant and its officers and directors; (b) all persons who timely and validly request exclusion; (c) any judges assigned to this case and their staff and immediate family members; and (d) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity giving rise to the Incident. The estimated number of individuals in the Settlement Class is 2,313.

43.    "**Settlement Class List**" means a list of each Settlement Class Member's full name, current or last known address, and current or last known email address, to the extent available, which Defendant or Defendant's agent shall provide to the Settlement Administrator within ten (15) days of the entry of the Preliminary Approval Order.

44.    "**Settlement Class Member**" means an individual who falls within the definition of the Settlement Class.

45.    "**Settlement Payment**" means any payment to be made via mailed check and/or electronic payment to a Participating Settlement Class Member from the Settlement Administrator with an Approved Claim for Unreimbursed Economic Losses *or* Alternative Cash Payment, which shall be paid (or caused to be paid) by Defendant.

46.    "**Settlement Website**" means a website established and administered by the Settlement Administrator, which shall contain information about the Settlement, including electronic copies of **Exhibits A-E** (or any forms of these notices that are approved by the Court), this Settlement Agreement, and all Court documents related to the Settlement. The Settlement Website will be publicly viewable and contain broad information about the Settlement, including but not limited to, copies of the Complaint filed in this matter, a copy of the Long Form Notice, Short Form Notice, FAQs, Claim Form that may be submitted online through the Settlement Website or mailed to the Settlement Administrator, and the deadlines for filing a claim, objection, or exclusion requests, and the date of the Fairness Hearing. The Settlement Website is viewed as an important piece of the notice plan to Class Members. The Settlement Website will remain active until ninety (90) days after the Effective Date and be deactivated thereafter. The URL for the Settlement Website shall be mutually agreed by the Parties.

47.    "**Short Form Notice**" is the postcard notice that will be mailed to each available Settlement Class Member who does not have a valid email address, which is attached as **Exhibit A**.

Doc ID: 694b8220d2f8970652a6d02e5972a23767306232d1

48.    "**Unreimbursed Economic Losses**" means Out-of-Pocket Losses, including Lost Time, not to exceed $4,000.00 per Participating Settlement Class Member. A claim for Unreimbursed Economic Losses is in lieu of the Alternative Cash Payment.

## III.    <u>SETTLEMENT BENEFITS AND ADMINISTRATION</u>

49.    <u>**Claims-Made Structure**</u>. The Settlement shall be administered on a claims-made basis. To receive Settlement Benefits, a Settlement Class Member must submit a valid and timely Claim Form to the Settlement Administrator in accordance with the procedures set forth herein. Defendant's payment obligations are limited to Approved Claims, Court-approved attorneys' fees and expenses, the Service Award, and Notice and Administrative Expenses, each of which shall be paid separately.

50.    <u>**Settlement Benefits.**</u> Participating Settlement Class Members who submit a valid and timely Claim Form may elect to receive the following Settlement Benefits:

A. <u>**Credit Monitoring (Available to All Claimants)**</u>. All Participating Settlement Class Members may submit a Claim for two (2) years of two bureau Credit Monitoring Services, regardless of whether they also elect a cash payment option described below. The Settlement Administrator shall send an activation code via email to each Participating Settlement Class Member with an Approved Claim for Credit Monitoring Services. Activation codes shall remain valid for one hundred eighty (180) days from the date sent. If timely activated, Credit Monitoring Services shall be provided for two (2) years from the date of activation. The cost of Credit Monitoring Services shall be paid by Defendant.

B. <u>**Cash Payment Options (Election Required)**</u>: In addition to Credit Monitoring Services, Participating Settlement Class Members may elect one (1) of the following cash payment options:

(i) **Unreimbursed Economic Losses:** Participating Settlement Class Members who do not elect the Alternative Cash Payment may claim reimbursement of Unreimbursed Economic Losses incurred as a result of the Incident, as defined in Section II. Unreimbursed Economic Losses consist of Out-of-Pocket Losses, including Lost Time.

a. *Out-of-Pocket Losses*. To be eligible for reimbursement of Out-of-Pocket Losses, the claimant must submit reasonable third-party documentation supporting the claim, including: (1) the date of the loss; (2) the amount and nature of the loss; (3) information demonstrating that the loss is fairly traceable to the Incident; and (4) information establishing that the Settlement Class Member is responsible for the loss and attempted to dispute or challenge the charge, purchase, fee, or other expense, where applicable. Acceptable documentation may include receipts, account statements, invoices, or other third-party records. Self-prepared documents (such as handwritten receipts) are insufficient on their own but may be considered to clarify other documentation.

8

b. *Lost Time*. Lost Time, as defined above, may be claimed as part of Out-of-Pocket Losses and does not require third-party documentation; however, the claimant must attest under penalty of perjury that the time claimed was actually spent responding to the Incident.

(ii) **Alternative Cash Payment**: In lieu of submitting a claim for Unreimbursed Economic Losses, a Participating Settlement Class Member may elect to receive a flat Alternative Cash Payment of $50.00. No documentation is required to receive the Alternative Cash Payment, but a valid and timely Claim Form must be submitted.

51.     **Validating Claims.** Within thirty (30) days of the Claims Deadline, for each Claim for Settlement Benefits, the Settlement Administrator shall determine that (1) the claimant is a Participating Settlement Class Member; (2) the Claim Form is timely, *i.e.* it was postmarked (if mailed) or submitted (if filed electronically) on or before the Claims Deadline; (3) the Claim Form is complete and attested to under penalty of perjury; and (4) the Claim Form and documentation (if required) is complete and meets the criteria set forth in Section III(1).  The Settlement Administrator shall determine, in its sole discretion, to be reasonably exercised, whether a Claim Form submitted by a claimant is timely and meets the foregoing requirements, but may consult with Class Counsel and Defendant's Counsel in making individual determinations.  The Settlement Administrator shall reject as invalid any Claim that does not satisfy the foregoing requirements. The Settlement Administrator shall use reasonable procedures to screen claims for abuse, fraud, duplication, or ineligibility. The Settlement Administrator's determination of the validity or invalidity of any claim shall be binding, subject only to Court review. The Settlement Administrator is authorized to contact any Settlement Class Member (by email, telephone, or U.S. mail) to seek clarification regarding a Claim prior to making a determination as to its validity.

i.      **Assessing Claims for Credit Monitoring Services:** A Settlement Class Member shall not be required to submit any documentation or additional information in support of their Claim for Credit Monitoring Services. However, the Claim Form must clearly indicate that the Settlement Class Member is electing to receive an enrollment code for Credit Monitoring Services and provide a valid email address to receive the enrollment code.

ii.     **Assessing Claims for Unreimbursed Economic Losses.** The Settlement Administrator shall have the sole discretion and authority to determine whether and to what extent the Claim Form and supporting documentation reflect valid Unreimbursed Economic Losses actually incurred that are fairly traceable to the Incident and meet the criteria set forth in Section III(1)(ii) above, but may consult with both Class Counsel and Defendant's Counsel in making individual determinations. Unreimbursed Economic Losses shall be deemed "fairly traceable" to the Incident if (i) the alleged misuse occurred on or after February 12, 2024, and (ii) the alleged wrongdoing involved misuse of the Participating Settlement Class Member's PII potentially disclosed in the Incident, and (iii) the losses could reasonably be a result of the Incident. A Settlement Class Member shall not be required to submit any documentation or additional information in support of their Claim for lost time. However, each Participating

Doc ID: 697b8320d2c89706523b02c59726237673062321d

Docusign Envelope ID: 49B23B72-3D3F-8055-8180-BA9EA6BE3B2E

Settlement Class Members must attest under penalty of perjury that the information provided is true and correct, and that the hours claimed were spent dealing with the Incident. In the event of any ambiguities in the Claim Form, the Settlement Administrator must contact the Settlement Class Member prior to making a determination as to its validity and, specifically, to determine whether the Settlement Class Member wishes to file a claim for Unreimbursed Economic Losses, inclusive of lost time, or for any other benefits made available under this Settlement Agreement.

iii. **Assessing Claims for Alternative Cash Payments**. A Settlement Class Member shall not be required to submit any documentation or additional information in support of their Claim for an Alternative Cash Payment. However, the Claim Form must clearly indicate that the Settlement Class Member is electing to claim the Alternative Cash Payment in lieu of Unreimbursed Economic Losses benefits made available under Section III(1)(ii) of this Settlement Agreement. In the event of any ambiguities in the Claim Form, the Settlement Administrator must contact the Settlement Class Member prior to making a determination as to its validity and, specifically, to determine whether the Settlement Class Member wishes to file a claim for an Alternative Cash Payment or for any other benefits made available under this Settlement Agreement.

iv. **Disputes**. To the extent the Settlement Administrator determines a claim is deficient in whole or part, but the deficiency could be reasonably cured, within a reasonable time of making such a determination, the Settlement Administrator shall notify the Settlement Class Member of the deficiencies and give the Settlement Class Member fourteen (14) days to cure the deficiencies. Such deficiency notice shall clearly describe the nature of the deficiency and the steps necessary to cure it. Such notifications shall be sent via email, unless the claimant did not provide an email address, in which case such notifications shall be sent via U.S. mail. If the Settlement Class Member timely attempts to cure the deficiencies, then the Settlement Administrator shall have fourteen (14) days to determine whether the claim is valid in accordance with the above. If Settlement Class Member does not timely attempt to cure the deficiencies or attempts to cure the deficiency but, at the sole discretion and authority of the Settlement Administrator, fails to do so, no further opportunities to cure will be provided and the claimant shall not be entitled to Settlement Benefits. The Settlement Administrator may consult with Class Counsel and Defendant's Counsel in making such determinations.

v. **Invalid Claims.** All Participating Settlement Class Members who fail to submit an Approved Claim for any Settlement Benefits hereunder shall be forever barred from receiving any payments or benefits pursuant to the Settlement, but will otherwise be deemed bound by the terms of this Settlement Agreement, including the Release contained in Section VIII, the Final Approval Order, and any other judgment entered thereon. No notice, other than as

10

Doc ID: 6974b32a0d2f8970652a6d02a569726236773062320d

Docusign Envelope ID: 49B23B72-3D3F-8055-8180-BA9EA6BE3B2E

provided for in Section III(2), is required to be provided to claimants of the Settlement Administrator's determination of the validity of any Claim.

52.    **Distribution of Settlement Benefits.**  After the Effective Date, and after final determinations have been made with respect to all claims submitted during the Claims Period pursuant to the Claims Review Process, the Settlement Administrator shall provide the Parties an accounting of all Approved Claims for Credit Monitoring, Unreimbursed Economic Losses, and Alternative Cash Payments, and also provide funding instructions to Defendants.  Within forty-five days (45) of receiving this accounting, Defendants or their representative shall transmit funds needed to pay Approved Claims for Credit Monitoring, Unreimbursed Economic Losses, and Alternative Cash Payments pursuant to the funding instructions provided by the Settlement Administrator.   The Settlement Administrator shall then disburse Settlement Payments to Settlement Class Members in accordance with their respective Approved Claims.

53.    **Settlement Payments.**  The Settlement Payments shall be in the form of a check mailed and/or an electronic payment, as selected by the Participating Settlement Class Member in their Claim Form. All Settlement Payments paid by check shall remain valid and negotiable for ninety (90) days from the date of their issuance and shall void if not cashed by the Participating Settlement Class Members within that time.

54.    **Returned Checks**. For any Settlement **Payments** returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to locate a valid address and resend the Settlement Payment within thirty (30) days after the check is returned to the Settlement Administrator as undeliverable. In attempting to locate a valid address, the Settlement Administrator is authorized to send an email and/or place a telephone call to that Participating Settlement Class Member to obtain updated address information. Any replacement Settlement Payment issued to Participating Settlement Class Members shall remain valid and negotiable for ninety (90) days from the date of their issuance and shall void if not cashed by the Participating Settlement Class Members within that time.

55.    **Reissuance of Checks**. To the extent that a Settlement Payment is not cashed within ninety (90) days after the date of issue, the Participating Settlement Class Member may within thirty (30) days from the void date request the Settlement Administrator reissue the check. A Settlement Payment may only be reissued once.  Any reissued Settlement Payment shall remain valid and negotiable for sixty (60) days from the date of their issuance and shall be void if not cashed by the Participating Settlement Class Members within that time.

56.    **Uncashed Checks.** To the extent that a Settlement Payment is not cashed and is not eligible to be reissued as set forth in Section III(6), the Participating Settlement Class Member shall forfeit the right to receive the Settlement Payment.

57.    **Settlement Administration Fees**. The Parties have solicited competitive bids for the Notice and Administrative Expenses, and agree to utilize email notice where practicable in order to minimize the administration costs while still providing effective notice to the Class. Notice and Administrative Expenses shall be paid (or caused to be paid) by Defendant.

11

58.    The Settlement Administrator, on behalf of Defendant, shall serve notice of the Settlement to the extent required by the Class Action Fairness Act, 28 U.S.C. § 1715 within ten (10) days of the date Plaintiff files the Preliminary Approval Motion. The cost of serving CAFA notice shall be treated as Notice and Administrative Expenses.

59.    The Parties, Class Counsel, and Defendant's Counsel shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of settlement benefits; (iii) the formulation, design or terms of the disbursement of settlement benefits; (iv) the determination, administration, calculation or payment of any claims asserted; (v) the payment or withholding of any Taxes and Tax-Related Expenses.

## IV.    <u>ADDITIONAL SECURITY MEASURES</u>

60.    **Additional Security Measures**. Defendant will provide Class Counsel—and, if requested, the Court for *in camera* review—a confidential declaration or affidavit generally describing the information security improvements made since the Incident, estimating their cost, and attesting that these and future security measures support Plaintiff's representation to the Court that reasonable diligence was exercised in agreeing to the settlement.

## V.    <u>SETTLEMENT CLASS NOTICE, OPT-OUTS, AND OBJECTIONS</u>

61.    **Notice**. Within ten (15) days after the entry of the Preliminary Approval Order, Defendant shall provide the Settlement Class List to the Settlement Administrator. Within thirty (30) days after the Preliminary Approval Order is entered, the Settlement Administrator shall disseminate Notice to the Settlement Class Members. Notice shall be provided by Postcard Notice. The process for issuing Notice as described in this Paragraph, along with the creation and maintenance of the Settlement Website, shall collectively constitute the "Notice Plan."

    i.    **Postcard Notice.** In instances where Defendant does not have a valid email address for a Settlement Class Member, Notice shall be provided by way of mailed postcards *via* the U.S. Postal Service.  Before mailing, the Settlement Administrator will update the addresses in the Settlement Class List with the National Change of Address database. It shall be conclusively presumed that the intended recipients received the Notice if the mailed postcard is not returned to the Settlement Administrator as undeliverable within fifteen (15) days of mailing. A copy of the proposed Postcard Notice is attached hereto as **Exhibit A.**

    ii.    **Settlement Website.** Prior to the date on which the Settlement Administrator initiates Notice via the above methods, the Settlement Administrator shall establish the Settlement Website. The Settlement Website shall contain: the Settlement Agreement; contact information for Class Counsel and Defendant's Counsel; contact information for the Settlement Administrator; the filed motion for preliminary approval, the filed motion for final approval; the filed motion for approval of any Service Award Payments; the filed Fee and Expense

12

Application attorneys' fees and expenses; the filed Preliminary Approval Order; and a downloadable and online version of the Claim Form (attached hereto as **Exhibit C**) and a Long Form Notice (attached hereto as **Exhibit B**). The Long Form and Short Form Notices shall be posted on the Settlement Website no later than 10 days after Preliminary Approval and before dissemination of Notice.

62.     **Final Approval Hearing**. The Notice must set forth the time and place of the Final Approval Hearing (subject to change) and state that any Settlement Class Member who does not file a timely and adequate objection in accordance with this Paragraph waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

63.     **Opt-Outs**. The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by mailing a request for exclusion to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The request for exclusion must include the name of the proceeding, the individual's full name, current address and email, personal signature, and the words "Request for Exclusion," a comparable statement that the individual does not wish to participate in the Settlement, or some other clear manifestation of the intent to opt-out of the Settlement in the written communication. Each request for exclusion must request exclusion only for that one individual whose personal signature appears on the request. The Notice must state that any Settlement Class Member who does not file a timely request for exclusion in accordance with this Paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement. So called "mass" or "class" opt-outs shall not be allowed.

    i.    An opt-out request that does not (1) include all of the information in Section V(3); or (2) that is sent to a mailing address other than that designated by the Settlement Administrator; or (3) that is not timely postmarked, shall be invalid, and the Settlement Class Member serving such request shall be deemed a Participating Settlement Class Member and shall be bound by this Settlement, if approved.

    ii.    Within ten (10) days following the Opt-Out Deadline, the Settlement Administrator will provide to Class Counsel and Defendant's Counsel a list of Settlement Class Members who submitted a valid opt-out.

    iii.    All Settlement Class Members who submit a valid and timely opt-out request shall not receive any Settlement Benefits of and/or be bound by the terms of this Settlement.

    iv.    All Settlement Class Members who do not submit a valid and timely opt-out request in the manner set forth above shall be treated as a Participating Settlement Class Member and deemed bound by the terms of this Settlement, including the Release contained in Section VIII, the Final Approval Order, and any other judgment entered thereon, regardless of whether the Settlement Class Member submits a Claim or receives any Settlement Benefit.

13

Docusign Envelope ID: 49B23B72-3D3F-8055-8180-BA9EA6BE3B2E

v.     If a Settlement Class Member submits both a Claim and an opt-out request, the Settlement Administrator will advise such person via email, unless there is no email address for the Settlement Class Member, in which case the notification shall be via mail, and request that the Settlement Class Member withdraw either the Claim or the opt-out request.  If no clarification is received, the Settlement Administrator shall treat the submission as a request for exclusion and reject any claim.

vi.     The Parties and their respective counsel agree that they will make no effort to suggest, solicit, facilitate, or otherwise encourage Settlement Class Members to opt-out of the Settlement.

64.     **Objections**. The Notice shall explain the procedure for Settlement Class Members to object to the Settlement or the Fee and Expense Application by submitting a written objection to the Court no later than the Objection Deadline. A written objection must include: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, including any legal or factual basis for the objection; (iv) copies of any documents or evidence the objector wishes the Court to consider; (v) the identity of any attorney representing the objector, if any; (vi) a statement regarding whether the Settlement Class Member or his or her attorney intends to appear at the Final Approval Hearing; (vii) a list of any objections to class action settlements submitted by the Settlement Class Member in the previous five (5) years, if any; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

a.  *Filing and Service Requirements*. To be valid, a written objection must be filed with the Clerk of Court for the United States District Court for the District of New Jersey no later than the Objection Deadline and served concurrently upon Class Counsel and Defendant's Counsel at the addresses listed on the signature page of this Settlement Agreement.

b.  *Effect of Failure to Object Properly*. Any Settlement Class Member who fails to comply with the requirements of this Section shall be deemed to have waived any objection and shall be barred from raising any objection to the Settlement or the Fee and Expense Application. Settlement Class Members who do not submit a timely and valid objection shall be bound by the terms of this Settlement Agreement, including the Release contained in Section VIII, the Final Approval Order, and any judgment entered thereon, regardless of whether they submit a Claim or receive any Settlement Benefits. The exclusive means for any challenge to the Settlement Agreement shall be through the objection procedures set forth in this Section and, if applicable, through appeal under the Federal Rules of Appellate Procedure. No collateral attack on the Settlement shall be permitted.

## VI.    PRELIMINARY APPROVAL, FINAL APPROVAL, AND JURISDICTION

65.     **Certification of the Settlement Class**. For purposes of this Settlement only, the Parties stipulate to the certification of the Settlement Class, which is contingent upon both the

14

Court entering the Final Approval Order of this Settlement and the occurrence of the Effective Date. Should: (1) the Settlement not receive final approval from the Court, (2) the Effective Date not occur, or (3) the Agreement is otherwise terminated, the certification of the Settlement Class shall be void, and neither the Agreement nor any order or other action relating to the agreement shall be offered by any person as evidence or cited in support of a motion to certify a class for any purpose other than this Settlement. Defendant reserves the right to contest class certification for all other purposes. The Parties further stipulate to designate the Settlement Class Representative as the representative for the Settlement Class.

66.    **Preliminary Approval**. Following execution of this Agreement, Class Counsel shall file a motion for preliminary approval of the Settlement, in a form agreeable to the Parties, within thirty (30) days thereof or a date thereafter that is agreeable to the Parties and the Court or that is otherwise ordered by the Court. The proposed Preliminary Approval Order shall be in the form attached as **Exhibit D**.

67.    **Final Approval**. Fourteen (14) days before Final Approval Hearing Date, Class Counsel shall move the Court for a Final Approval Order and Judgment of this Settlement, to be issued following the Final Approval Hearing, substantially in the form set forth in **Exhibit E**. Counsel for the Parties shall request that the Court set a date for the Final Approval Hearing no earlier than 120 days after entry of the Preliminary Approval Order. Settlement Class Counsel shall provide Defendant's counsel with a draft of the motion for final approval within a reasonable time frame prior to filing same to ensure that any requested revisions from Defendant are addressed.

68.    **Jurisdiction**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of this Agreement and shall retain jurisdiction for the purpose of enforcing all terms of this Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Plan and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

## VII.    MODIFICATION AND TERMINATION

69.    **Modification**. The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

70.    **Settlement Not Approved**. If: (1) the Court does not issue the Preliminary Approval Order or Final Approval Order; (2) the Effective Date does not occur; or (3) the Final

Docusign Envelope ID: 49B23B72-3D3F-8055-8180-BA9EA6BE3B2F

Approval Order is modified or reversed in any material respect by any appellate or other court, the Parties shall have sixty (60) days from the date of such non-occurrence during which the Parties shall work together in good faith in considering, drafting, and submitting reasonable modifications to this Agreement to address any issues identified by the Court or that otherwise caused the Preliminary Approval Order or Final Approval Order not to issue or the Effective Date not to occur. If such efforts are unsuccessful, either Party may at their sole discretion terminate this Agreement on seven (7) days written notice to the other Party. For avoidance of any doubt, neither Party may terminate the Agreement while an appeal from an order granting approval of the Settlement is pending.

71.    **Effect of Termination**. In the event of a termination, this Agreement shall be considered null and void, all of the Parties' obligations under the Agreement shall cease to be of any force and effect, and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved. Any Court orders preliminarily or finally approving certification of the Settlement Class and any other orders entered pursuant to the Agreement shall be deemed null and void and vacated.

## VIII.    <u>RELEASES</u>

72.    **The Release**. Upon the Effective Date, and in consideration of the Settlement benefits described herein, each Releasing Party shall be deemed to have completely and unconditionally released, acquitted, and forever discharged Defendant and each of the Released Parties from any and all Released Claims, including Unknown Claims.

73.    **Unknown Claims.** The Released Claims include the release of Unknown Claims. "Unknown Claims" means claims that could have been raised in the Litigation and that any of the Releasors do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties of any of the foregoing or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date of this Settlement Agreement, Releasors shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, the District of Columbia, or principles of common law or otherwise, which includes or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Representative and Class Counsel acknowledge, and each Participating Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of unknown claims in the Release was separately bargained for and was a key element of the Settlement Agreement. The Releasors acknowledge that they may discover facts in addition

Doc ID: 694b83aa0d2f2970652a8b02e9b972a23767306232c6d

to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this Paragraph.

74. All Participating Settlement Class Members, whether or not they submit a timely and valid claim and/or receive any Settlement Benefits, will in all respects be subject to, and bound by, the provisions of this Settlement Agreement, the Release contained in this Section, the Final Approval Order, and any other judgment entered thereon.

## IX. SERVICE AWARD PAYMENTS

75. **Service Award Payments**. At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Fee and Expense Application that will include a request for Service Award payments for the Settlement Class Representative in recognition for her contributions to this Action not to exceed $5,000 for the Plaintiff. Defendant agrees not to oppose the request provided that it does not exceed $5,000. Defendant shall pay the Court-approved service award to an account established by Settlement Class Counsel no later than seven (7) days after the Effective Date. Settlement Class Counsel will ensure payment instructions are provided through secure processes. Settlement Class Counsel will then distribute the service award. Defendant's obligations with respect to the Court-approved service award shall be fully satisfied upon transmission of the funds into the account established by Settlement Class Counsel. Defendant shall have no responsibility for, interest in, or liability whatsoever with respect to any distribution or allocation of a service award. Nor shall Defendant be responsible for any tax obligations or payments associated with the amount paid into the account established by Settlement Class Counsel. To the extent the Effective Date does not occur, Defendant shall have no obligation to pay any service award. This amount was negotiated after the primary terms of the settlement were negotiated.

76. **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of Service Award in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Award shall constitute grounds for termination of this Agreement.

## X. ATTORNEYS' FEES, COSTS, EXPENSES

77. **Attorneys' Fees and Costs and Expenses**. At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Fee and Expense Application for an award of attorneys' fees and costs which shall be paid (or caused to be paid) by Defendant not to exceed $125,000.00. Defendant shall pay the Court-approved attorneys' fees and expenses to an account established by Settlement Class Counsel within seven (7) days after the Effective Date. Settlement Class Counsel will ensure payment instructions are provided through secure processes. The attorneys' fees and Litigation Costs and Expenses will be allocated by Settlement Class Counsel. Defendant's obligations with respect to the Court-approved attorneys' fees and Litigation Costs and Expenses shall be fully satisfied upon transmission of the funds into the account established by Settlement Class Counsel. Defendant shall have no responsibility for, interest in, or

17

Docusign Envelope ID: 49B23B72-3D3F-8055-8180-BA9EA6BE3B2E

liability whatsoever with respect to any distribution or allocation of attorneys' fees or Litigation Costs and Expenses. Nor shall Defendant be responsible for any tax obligations or payments associated with the amount paid into the account established by Settlement Class Counsel. To the extent the Effective Date does not occur, Defendant shall have no obligation to pay any attorneys' fees or Litigation Costs and Expenses. The amount of attorneys' fees and Litigation Costs and Expenses was negotiated after the primary terms of the Settlement were negotiated.

78.    **No Effect on Agreement**.  In the event the Court declines to approve, in whole or in part, the payment of the Fee Award and Expenses in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect.  No decision by the Court, or modification or reversal or appeal of any decision by the Court concerning the amount of the Fee Award and Expenses shall constitute grounds for termination of this Agreement.

79.    **Limitation.**  Any Fee Award and Expenses awarded by the Court shall be the sole payment of any attorneys' costs, fees and expenses of the Class Representative and Settlement Class Members and their attorneys.  Defendant shall have no obligation for the payment of any other attorneys' costs, Fees, and expenses.

## XI.    <u>NO ADMISSION OF LIABILITY</u>

80.    **No Admission of Liability**. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever. The Releasors expressly acknowledge and agree that Defendant has entered into this Agreement solely for convenience and the avoidance of litigation and that its decision to do so is not and shall not ever be asserted or construed as an admission of liability or wrongdoing of any kind, or that any of the allegations or claims asserted in the Litigation or released within the Released Claims have any factual or legal merit of any kind, all of which Defendant expressly denies.

81.    **No Use of Agreement**. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiff; or (ii) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission by Defendant in the Litigation or in any proceeding in any court, administrative agency or other tribunal. Any of the Released Parties, however, may file the Agreement and/or the Final Approval Order in any action in order to support a claim or defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar claim or defense.

## XII.    <u>MISCELLANEOUS</u>

82.    **Incorporation of Recitals.**  The Recitals are incorporated into the Settlement Agreement as if fully set forth herein.  The Parties acknowledge that such recitals are true and correct.

Doc ID: 597b8320d2c8730652abd02e597623767306232bd

83.     **Integration of Exhibits**. The exhibits to this Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

84.     **Entire Agreement**. This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications, and understandings among the Parties. This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible and where such changes are non-material, the exhibits to this Agreement may be modified by subsequent agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

85.     **Deadlines**. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, including without limitation the Notice Deadline, the applicable date or deadline shall fall on the next business day. All reference to "days" in this agreement shall refer to calendar days unless otherwise specified.

86.     **Construction**. For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

87.     **Cooperation of Parties**. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

88.     **Obligation to Meet and Confer**. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other in good faith prior to seeking Court intervention.

89.     **Governing Law**. The Agreement shall be construed in accordance with, and be governed by, the laws of the State of New Jersey, except as otherwise governed by federal law without regard to the principles thereof regarding choice of law.

90.     **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted electronically through e-mail, Adobe PDF, or DocuSign shall be deemed an original.

91.     **Notices**. All notices to Class Counsel provided for herein, shall be sent by FedEx, UPS or certified USPS mail and email to:

Cassandra P. Miller
**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
T: (872) 263-1100

19

Docusign Envelope ID: 49B23B72-3D3F-8055-8180-BA9EA6BE3B2E

cmiller@straussborrelli.com

All notices to Defendant provided for herein, shall be sent by FedEx, UPS or certified USPS mail and email to:

Andrew J. Chase
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
45 MAIN STREET
SUITE 206
BROOKLYN, NY 11201

The notice recipients and addresses designated above may be changed by written notice.

92.     **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party or Parties on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

93.     **No Government Third-Party Rights or Beneficiaries**. No government agency or official can claim any rights under this Agreement or Settlement.

94.     **No Collateral Attack**. The Settlement Agreement shall not be subject to collateral attack, including by any Settlement Class Member or any recipient of notices of the Settlement after issuance of the Final Approval Order.

95.     **Survival**. The Parties agree that the terms set forth in this Settlement Agreement shall survive the signing of the Settlement Agreement.

[*SIGNATURE PAGE TO FOLLOWI*]

Doc ID: 69711822ad2f8730652a8d02e9597e93e73706232b1d

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed,

/s/ *Linda Lehrbach*

Plaintiff Linda Lehrbach

/s/ *Dan Williams*

Defendant EMM Loans, LLC

Dated: March 22, 2026

Dated: March 22, 2026

/s/

/s/

Andrew Chase
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
45 Main Street
Suite 206
Brooklyn, NY 11201
T: (646) 341 - 6549
achase@constangy.com

*Counsel for Defendant*

Cassandra P. Miller
**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
T: (872) 263-1100
cmiller@straussborrelli.com

*Counsel for Plaintiff and Proposed Settlement Class*

21

## SETTLEMENT TIMELINE

| **Grant of Preliminary Approval** | | **Section Reference** |
|---|---|---|
| EMM provides list of Settlement Class Members to the Settlement Administrator | 15 days after Preliminary Approval | V(1) |
| Settlement Administrator on behalf of EMM to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 10 days of filing of the Preliminary Approval Motion | III(9) |
| Long Form and Short Form Notices Posted on the Settlement Website | No later than 28 days after Preliminary Approval, or prior to the Settlement Website going live | V(1)(iii) |
| Notice Deadline | 30 days after Preliminary Approval Order entered. | V(1) |
| **Class Counsel's Fee and Expense Application** | 14 days before Objection and Opt-Out Deadlines | IX(1), X(1) |
| Objection Deadline | 60 days after Notice Deadline | V(4) |
| Opt-Out Deadline | 60 days after Notice Deadline | V(3) |
| Claims Deadline | 90 days after Notice Deadline | II(5) |
| Settlement Administrator Provide List of Opt-Outs to Counsel for the Parties | 70 days after Notice Deadline | V(3)(ii) |
| Initially Approved Claims List | 30 days after Claims Deadline | III(2) |
| Initially Rejected Claims List | 30 days after Claims Deadline | III(2) |
| **Final Approval Hearing** | 120 days after Preliminary Approval Order (at minimum) | VI(3) |
| Motion for Final Approval | 14 days before Final Approval Hearing Date | VI(3) |

22

— **EXHIBIT  A** —

EMM Loans Data Incident Settlement
 c/o Settlement Administrator
P.O. Box _____
Santa Ana, CA 92799-9958

***Lehrbach v. EMM Loans, LLC***
Case No. 1:25-cv-02040

> **IF YOUR PRIVATE INFORMATION WAS**
> **COMPROMISED IN THE FEBRUARY 2024**
> **EMM LOANS, LLC, DATA INCIDENT,**
> **A PROPOSED CLASS ACTION SETTLEMENT**
> **MAY AFFECT YOUR RIGHTS AND ENTITLE**
> **YOU TO BENEFITS AND A <u>CASH PAYMENT</u>.**

*A court has authorized this Notice.*

*This is <u>not</u> a solicitation from a lawyer.*

*You are <u>not</u> being sued.*

**This notice is only a summary. Visit**
**www.<mark>[SettlementWebsite]</mark>.com**
**Or scan this QR code for**
**complete information.**



---

First-Class
Mail
US Postage
Paid
Permit #__

Login ID: «ClaimLoginID»
PIN: «ClaimLoginPIN»

Postal Service: Please do not mark barcode

«IMbFullBarcodeEncoded»

«FirstName» «LastName»
«Address1» «Address2»
«City», «State» «Zip»

**Why am I receiving this notice?** A Settlement has been reached with EMM Loans, LLC ("EMM Loans") in a class action lawsuit ("Settlement"). The case is about the February 2024 cyberattack on EMM Loans' computers (the "Data Incident"). Files containing private information were accessed. EMM Loans denies that it did anything wrong, and the Court has not decided who is right. The parties have agreed to settle the lawsuit to avoid the risks, disruption, and uncertainties of continued litigation. A copy of the Settlement is available online.

**Who is included in the Settlement?** The Court has defined the class as: "All individuals residing in the United States whose PII was implicated in the Incident discovered by EMM in February 2024, including all those individuals who received notice of the breach." In this sentence, PII means Personally Identifiable Information.

The Court has appointed an experienced attorney, called "Class Counsel," to represent the Class.

**What are the Settlement benefits?** You can claim two years of **Credit Monitoring** and <u>one</u> of the two **cash payment** options.

If you have **documented out-of-pocket losses or time spent** dealing with the Incident, you may receive up to $4,000.

*Instead of any other cash payment option*, you can get a one-time **$50** payment.

Full details and instructions are available online.

**How do I receive a benefit?** If you are claiming out-of-pocket losses, you may submit your claim online or request a full paper Claim Form below. Tear at perforation, and return by U.S. Mail. Postage is already paid. For a full paper Claim Form call <mark>1-XXX-XXX-XXXX</mark>. **Claims must be submitted online or postmarked by <mark>[Claims Deadline]</mark>**.

**What if I don't want to participate in the Settlement?** If you do not want to be part of the Settlement, you must exclude yourself by <mark>[Opt-Out Deadline]</mark> or you will not be able to sue EMM Loans for the claims made in *this* lawsuit. If you exclude yourself, you cannot get benefits from this Settlement. If you want to object to the Settlement, you may file an objection by <mark>[Objection Deadline]</mark>. The Settlement Agreement, available online, explains how to exclude yourself or object.

**When will the Court approve the Settlement?** The Court will hold a hearing in this case on <mark>[FA Hearing Date]</mark> at the <mark>[Court Address]</mark>, to consider whether to approve the Settlement. The Court will also consider Class Counsel's request for attorney's fees and costs of up to $125,000, and $5,000 for the Plaintiff. You may attend the hearing at your own cost, but you do not have to.

**This notice is only a summary. Visit the settlement website online or scan this QR code for complete information.**

 www.[<mark>SettlementWebsite</mark>].com

 

SIMID: <mark>«SIMID»</mark>    Case ID: <mark>[Case ID]</mark>



**BUSINESS REPLY MAIL**
FIRST-CLASS MAIL    PERMIT NO 47    COSTA MESA  CA

POSTAGE WILL BE PAID BY ADDRESSEE

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

**EMM Loans Data Incident Settlement**
** c/o Settlement Administrator**
**P.O. Box [PO Box Number]**
**Santa Ana, CA  92799-9958**

**EMM Loans Data Incident Settlement**

《First1》《Last1》
《Addr1》《Addr2》
《City》, 《St》《Zip》

*Complete this Claim Form, tear at perforation, and return by U.S. Mail no later than **[Claims Deadline]**.*

*Only one Claim Form per Class Member.*

Login ID: 《ClaimLoginID》
PIN: 《ClaimLoginPIN》

**INSTRUCTIONS:** Use this card to submit your claim for two years of **Credit Monitoring** and/or the $50.00 **Alternative Cash Payment**.

To claim cash payments for out-of-pocket losses, visit the settlement website at **www.[SettlementWebsite].com**. To request a full paper Claim Form, call **1-XXX-XXX-XXXX**.

☐ Check this box to enroll in two years of **Credit Monitoring** from CyEx Financial Shield Complete.

Please **PRINT** your email address below (required):

| | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

☐ Check this box to claim a one-time $50.00 **Alternative Cash Payment**.

How would you like to be paid:

Check **one**:  ☐ PayPal   ☐ Venmo   ☐ Zelle   ☐ Virtual Prepaid Card   ☐ Check (sent to above address)

For digital payments, please **PRINT** your email address **LEGIBLY** in the boxes below and doublecheck that it is correct:

| | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|



Notify us if your contact information is different from what is shown above, or changes after submitting this form.

SIMID:        Case ID:
«SIMID»       [Case ID]

— **EXHIBIT  B** —

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Lehrbach v. EMM Loans, LLC*
Case No. 1:25-cv-02040
District Court of New Jersey

**IF YOUR PRIVATE INFORMATION WAS COMPROMISED IN THE FEBRUARY 2024 EMM LOANS, LLC, DATA INCIDENT, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS, AND ENTITLE YOU TO BENEFITS AND A CASH PAYMENT.**

*A court has authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*
***Please read this Notice carefully and completely.***

- A Settlement has been reached with EMM Loans, LLC ("EMM Loans" or "Defendant") in a class action lawsuit. This case is about the targeted cyberattack on EMM Loans' computer systems that occurred in February 2024 (the "Data Incident"). Certain files that contained private information were accessed. These files may have contained personal information such as names; Social Security number; driver's license or other state identification number; and/or passport number.

- The lawsuit is called *Lehrbach v. EMM Loans, LLC*, Case No. 1:25-cv-02040. It is pending in the District Court of New Jersey (the "Litigation").

- EMM Loans denies that it did anything wrong, and the Court has not decided who is right.

- The parties have agreed to settle the lawsuit (the "Settlement") to avoid the costs and risks, disruptions, and uncertainties of continuing the Litigation.

- EMM Loans' records indicate that you are a Class Member, and entitled to benefits under the Settlement. You may have received a previous notice directly from EMM Loans.

- Your rights are affected whether you act or don't act. ***Please read this Notice carefully and completely.***

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to receive benefits or payments from this Settlement is by submitting a valid and timely Claim Form.<br><br>The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download the Claim Form from the Settlement Website and mail it to the Settlement Administrator. You may also call or email the Settlement Administrator to receive a paper copy of the Claim Form. | **_____, 2026** |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement and receive no benefit or payment. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendants related to the legal claims resolved by this Settlement. You can hire your own lawyer at your own expense. | **_____, 2026** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also file a claim for Settlement benefits. | **_____, 2026** |
| **DO NOTHING** | Unless you opt out of the Settlement, you are automatically part of the Settlement. If you do nothing, you will not receive benefits or payments from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. | No Deadline |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION .................................................................................................................3

WHO IS IN THE SETTLEMENT.................................................................................................4

THE SETTLEMENT BENEFITS ................................................................................................4

SUBMITTING A CLAIM FORM FOR SETTLEMENT BENEFITS ...................................................5

THE LAWYERS REPRESENTING YOU.....................................................................................6

EXCLUDING YOURSELF FROM THE SETTLEMENT...................................................................6

COMMENTING ON OR OBJECTING TO THE SETTLEMENT.....................................................7

THE COURT'S FINAL APPROVAL HEARING...........................................................................8

IF I DO NOTHING ................................................................................................................8

GETTING MORE INFORMATION.............................................................................................9

# Basic Information

## 1. Why was this Notice issued?

The District Court of New Jersey, authorized this Notice. You have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

The lawsuit is called *Lehrbach v. EMM Loans, LLC*, Case No. 1:25-cv-02040. It is pending in the District Court of New Jersey. The person that filed this lawsuit is called the "Plaintiff" (or "Class Representative") and the company they sued, EMM Loans, LLC, is called the "Defendant."

## 2. What is this lawsuit about?

This lawsuit alleges that during the February 2024 targeted cyberattack on EMM Loans' computer systems, certain files that contained private information were accessed. These files may have contained personal information such as names; Social Security number; driver's license or other state identification number; and/or passport number.

## 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are called the "Plaintiffs" or "Class Representatives." Together, the people included in the class action are called a "Class" or "Class Members." One court resolves the lawsuit for all Class Members, except for those who opt out from the settlement. In this Settlement, the Class Representative is Linda Lehrbach. Everyone included in this Action are the Class Members.

## 4. Why is there a Settlement?

The Court did not decide whether the Plaintiff or the Defendant are right. Both sides have agreed to a Settlement to avoid the costs and risks of a trial, and to allow the Class Members to receive benefits from the Settlement. The Plaintiff and her attorney think the Settlement is best for all Class Members.

3

# Who is in the Settlement?

## 5. Who is included in the Settlement?

The court has defined the Class this way: "All individuals residing in the United States whose PII was implicated in the Incident discovered by EMM in February 2024, including all those individuals who received notice of the breach." In this sentence, PII means Personally Identifiable Information.

## 6. Are there exceptions to being included?

Yes. Excluded from the Class are: (1) EMM and its officers, directors, and related companies; (2) the Judge in this case, and the Judge's family and staff; and (3) anyone who validly excludes themselves from the Settlement.

If you are not sure whether you are a Class Member, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  EMM Loans Data Incident Settlement
              c/o Settlement Administrator
              [PO Box Number]
              Santa Ana, CA 92799-9958

You may also view the Settlement Agreement at www.[SettlementWebsite].com.

# The Settlement Benefits

## 7. What does the Settlement provide?

All Settlement Class Members may claim **Credit Monitoring and** one (1) of two **cash payment** options, as described below. The benefits are explained in more detail below.

**CREDIT MONITORING.** All Class Members are eligible to enroll in two years of CyEx Financial Shield Complete. This comprehensive service comes with $1 million of financial fraud insurance, and includes monitoring for:

- fraud or identity theft
- unauthorized financial transactions
- personal information associated with high-risk transactions

If anything suspicious happens, you will be able to talk to a fraud resolution agent to help fix any problems.

**CASH BENEFITS OPTIONS.** In addition to Credit Monitoring, Settlement Class Members may elect **one (1)** of the following:

1. **Unreimbursed Economic Losses (Up to $4,000).** You may submit a claim for reimbursement of Unreimbursed Economic Losses incurred as a result of the Data Incident, up to $4,000 per person.

   Unreimbursed Economic Losses include **Out-of-Pocket Losses and Lost Time**.

**Out-of-Pocket Losses**. If you incurred actual, documented out-of-pocket losses due to the Data Incident, you may be reimbursed. These are expenses that are fairly traceable to the Incident and were not reimbursed by any third party. This may include expenses such as:

- losses because of identity theft or fraud
- fees for credit reports, credit monitoring, or freezing and unfreezing your credit
- cost to replace your IDs
- postage to contact banks by mail

To receive reimbursement, you must provide supporting documentation, such as receipts, bank statements, or invoices, showing the amount of your loss and that it is related to the Data Incident. Notes or self-prepared documents may help explain your claim but are not sufficient on their own.

You cannot be reimbursed for expenses that have already been paid or reimbursed by a third party.

**Lost Time**. You may also claim compensation for time spent dealing with the Data Incident, at $30 per hour for up to three (3) hours (maximum $90). You do not need documentation for Lost Time, but you must attest that the time was actually spent responding to the Incident.

2. **Alternative Cash Payment.** *Instead of a payment for Out of Pocket Losses*, you may claim a one-time cash payment of $50.00.

   You do not have to provide any proof or explanation to claim this payment.

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  EMM Loans Data Incident Settlement
       c/o Settlement Administrator
       [PO Box Number]
       Santa Ana, CA 92799-9958

## 8. What claims am I releasing if I stay in the Class?

If you stay in the class, you won't be able to be part of any other lawsuit against EMM Loans about the issues that this Settlement covers. The "Releases" section of the Settlement Agreement describes the legal claims that you give up if you remain in the Class. The Settlement Agreement is available at www.[SettlementWebsite].com.

# Submitting a Claim Form for a Settlement Payment

## 9. How do I submit a claim for a Settlement benefit?

The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download a printable Claim Form from the website and mail it to the Settlement Administrator at:

EMM Loans Data Incident Settlement
c/o Settlement Administrator

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

[PO Box Number]
Santa Ana, CA 92799-9958

You may also contact the Settlement Administrator to request a Claim Form by telephone, toll free, 1-XXX-XXX-XXXX, by email info@[SettlementWebsite].com, or by U.S. mail at the address above.

## 10. Are there any important Settlement payment deadlines?

If you are submitting a Claim Form online, you must do so by [Claims Deadline]. If you are submitting a claim by U.S. mail, the completed and signed Claim Form, including supporting documentation, must be postmarked no later than [Claims Deadline].

## 11. When will the Settlement benefits be issued?

The Court will hold a final approval hearing on [FA Hearing Date] (*see* **Question 18)**. If the Court approves the Settlement, there may be appeals. We do not know if appeals will be filed, or how long it will take to resolve them if they are filed.

Settlement payments will be distributed if the Court grants final approval, and after any appeals are resolved.

# The Lawyers Representing You

## 12. Do I have a lawyer in the case?

Yes, the Court has appointed attorney Cassandra Miller of Strauss Borrelli PLLC, to represent you and other Class Members ("Class Counsel").

## 13. Should I get my own lawyer?

You will not be charged for Class Counsel's services. If you want your own lawyer, you may hire one at your expense.

## 14. How will Class Counsel be paid?

Class Counsel will ask the court to approve $125,000.00 as reasonable attorney's fees and costs of litigation. This amount will be paid by EMM Loans.

Class Counsel will also ask for a Service Award Payment of $5,000.00 for the Class Representative. The Service Award Payment will also be paid by EMM Loans.

# Excluding Yourself from the Settlement

## 15. How do I opt out of the Settlement?

If you do not want to be part of the Settlement, you must formally exclude yourself from the Settlement. This is called a Request for Exclusion, and is sometimes also called "opting out." If you opt out, you will not receive Settlement benefits or payment. However, you will keep any rights you may have to sue EMM Loans on your own about the legal issues in this case.

If you exclude yourself, you are telling the Court that you do not want to be part of the Settlement. You will not be eligible to receive any Settlement benefits if you exclude yourself.

The deadline to exclude yourself from the Settlement is **[Opt-Out Deadline]**.

To be valid, your Request for Exclusion must have the following information:

(1) the name of the Litigation: *Lehrbach v. EMM Loans, LLC*, Case No. 1:25-cv-02040, pending in the District Court of New Jersey;

(2) your full name, mailing address, telephone number, and email address;

(3) personal signature; and

(4) the words "Request for Exclusion" or a clear and similar statement that you do not want to participate in the Settlement.

You may only exclude yourself—not any other person.

Mail your Request for Exclusion to the Settlement Administrator at:

EMM Loans Data Incident Settlement
ATTN: Exclusion Request
[PO Box Number]
Santa Ana, CA 92799-9958

Your Request for Exclusion must be submitted or postmarked by **[Opt-Out Deadline]**.

## Commenting on or Objecting to the Settlement

### 16. How do I tell the Court if I like or do not like the Settlement?

If you are a Class Member and do not like part or all of the Settlement, you can object to it. Objecting means telling the Court your reasons for why you think the Court should not approve the Settlement. The Court will consider your views.

You cannot object if you have excluded yourself from the Settlement (*see* **Question 15**)

You must provide the following information for the Court to consider your objection:

(1) the name of the Litigation: *Lehrbach v. EMM Loans, LLC*, Case No. 1:25-cv-02040, pending in the District Court of New Jersey;

(2) your full name, mailing address, telephone number, and email address;

(3) a clear description of all the reasons you object; include any legal support, such as documents, you may have for your objection;

(4) if you have hired your own lawyer to represent you for this objection, provide their name, bar number, and contact information;

(5) if you plan on calling witnesses or submitting documents at the Final Approval Hearing, provide a full list of both;

7

(6)  your signature (or, if you have hired your own lawyer, your lawyer's signature).

For your objection to be valid, it must meet each of these requirements.

To be considered by the Court, you must file your complete objection with the Clerk of Court by [**OBJECTION DATE**]. You must also send a copy of the objection to the Settlement Administrator.

| Clerk of the Court | Settlement Administrator |
|---|---|
| Clerk of the Court<br>[Court Address] | EMM Loans Data Incident Settlement<br>ATTN: Objections<br>[PO Box Number]<br>Santa Ana, CA 92799-9958 |

## 17. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

# The Court's Final Approval Hearing

## 18. When is the Court's Final Approval Hearing?

The Court will hold a final approval on **[FA Hearing Date] at [Hearing Time] Eastern Time**, in Room [Court Room] of the District Court of New Jersey, at [Court Address].

At the final approval hearing, the Court will decide whether to approve the Settlement. The court will also decide how Class Counsel should be paid, and whether to award a Service Award Payment to the Class Representative. The Court will also consider any objections to the Settlement.

If you are a Class Member, you or your lawyer may ask permission to speak at the hearing at your own cost (*See* **Question 16**).

The date and time of this hearing may change without further notice. Please check www.[SettlementWebsite].com for updates.

## 19. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish, but you do not have to.

If you file an objection, you do not have to come to the Final Approval Hearing to talk about it; the Court will consider it as long as it was filed on time. You may also pay your own lawyer to attend, but you do not have to.

# If I Do Nothing

## 20. What happens if I do nothing at all?

If you do nothing, you will not receive a benefit from this Settlement.

Unless you exclude yourself, you will be bound by the Settlement and the Release, regardless of whether you submit a claim or receive any benefits.

You will also give up the rights described in **Question 8**.

# Getting More Information

## 21. How do I get more information?

This Notice is a summary of the proposed Settlement. The full Settlement Agreement and other related documents are available at the Settlement Website, www.[SettlementWebsite].com.

If you have additional questions, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  EMM Loans Data Incident Settlement
        c/o Settlement Administrator
        [PO Box Number]
        Santa Ana, CA 92799-9958

You can obtain copies of publicly filed documents by visiting the office of the Clerk of the Court, [Court Address].

**DO NOT CONTACT THE COURT OR CLERK OF COURT REGARDING THIS SETTLEMENT**

— **EXHIBIT C** —

<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**

**[Claims Deadline]**

</td><td>

***Lehrbach v. EMM Loans, LLC***
Case No. 1:25-cv-02040
District Court of New Jersey

**DATA INCIDENT SETTLEMENT CLAIM FORM**

</td><td>

**Your claim must be submitted online or postmarked by:**

**[Claims Deadline]**

</td></tr>
</table>

## GENERAL INSTRUCTIONS

**Who is eligible to file a claim?** The court has defined the Class this way: "All individuals residing in the United States whose PII implicated in the Incident discovered by EMM in February 2024, including all those individuals who received notice of the breach." In this sentence, PII means Personally Identifiable Information.

**Excluded from the Settlement Class** are: (1) EMM and its officers, directors, and related companies; (2) the Judge in this case, and the Judge's family and staff; and (3) anyone who validly excludes themselves from the Settlement.

<u>**COMPLETE THIS CLAIM FORM IF YOU ARE A CLASS MEMBER AND WISH TO RECEIVE ONE OR MORE OF THE FOLLOWING SETTLEMENT BENEFITS**</u>

## AVAILABLE BENEFITS

All Settlement Class Members may claim **Credit Monitoring** and one of two **cash payment** options. The benefits are explained in more detail below.

**CREDIT MONITORING.** All Class Members are eligible to enroll in two years of CyEx Financial Shield Complete, including identity theft protection insurance of at least $1,000,000. This comprehensive service comes with $1 million of financial fraud insurance, and includes monitoring for:

- fraud or identity theft
- unauthorized financial transactions
- personal information associated with high-risk transactions

If anything suspicious happens, you will be able to talk to a fraud resolution agent to help fix any problems.

**CASH BENEFITS OPTIONS.** In addition to Credit Monitoring, Settlement Class Members may elect <u>**one (1)**</u> of the following:

1. **Unreimbursed Economic Losses (Up to $4,000).** You may submit a claim for reimbursement of Unreimbursed Economic Losses incurred as a result of the Data Incident, up to $4,000 per person.

   Unreimbursed Economic Losses include **Out-of-Pocket Losses** <u>**and**</u> **Lost Time**.

   **Out-of-Pocket Losses**. If you incurred actual, documented out-of-pocket losses due to the Data Incident, you may be reimbursed. These are expenses that are fairly traceable to the Incident and were not reimbursed by any third party. This may include expenses such as:

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

*Lehrbach v. EMM Loans, LLC*
Case No. 1:25-cv-02040
District Court of New Jersey

**DATA INCIDENT SETTLEMENT CLAIM FORM**

Your claim must be submitted online or postmarked by: [Claims Deadline]

- losses because of identity theft or fraud
- fees for credit reports, credit monitoring, or freezing and unfreezing your credit
- cost to replace your IDs
- postage to contact banks by mail

To receive reimbursement, you must provide supporting documentation, such as receipts, bank statements, or invoices, showing the amount of your loss and that it is related to the Data Incident. Notes or self-prepared documents may help explain your claim but are not sufficient on their own.

You cannot be reimbursed for expenses that have already been paid or reimbursed by a third party.

**Lost Time**. You may also claim compensation for time spent dealing with the Data Incident, at $30 per hour for up to three (3) hours (maximum $90). You do not need documentation for Lost Time, but you must attest that the time was actually spent responding to the Incident.

2. **Alternative Cash Payment.** *Instead of a payment for Out of Pocket Losses*, you may claim a one-time cash payment of $50.00.

   You do not have to provide any proof or explanation to claim this payment.

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  EMM Loans Data Incident Settlement
          c/o Settlement Administrator
          [PO Box Number]
          Santa Ana, CA 92799-9958

**THE MOST EFFICIENT WAY TO SUBMIT YOUR CLAIMS IS ONLINE AT
www.[SettlementWebsite].com**

You may also print out and complete this Claim Form, and submitted online or by U.S. mail.

An electronic image of the completed Claim Form can also be emailed to info@[SettlementWebsite].com

**You must submit your Claim Form online, by mail, or by email no later than [Claims Deadline].**

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

*Lehrbach v. EMM Loans, LLC*
Case No. 1:25-cv-02040
District Court of New Jersey

**DATA INCIDENT SETTLEMENT CLAIM FORM**

## I. CLASS MEMBER NAME AND CONTACT INFORMATION

Print your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this claim form.  All fields are required. **Please print legibly.**

First Name

Last Name

Street Address

City

State

Zip Code

Email Address

Phone Number

Notice ID (if known)

## II. CREDIT MONITORING

☐ Check this box if you would like to enroll in two years of Credit Monitoring from CyEx Financial Shield Complete.

## III. OUT OF POCKET LOSSES

☐ Check this box if you would like to claim reimbursement for <u>documented</u> losses related to the Incident, including but not limited to identity theft, fraud, fees, or other expenses. You can get back up to $4,000.00. **DO NOT CLAIM THIS BENEFIT IF YOU ARE CLAIMING PAYMENTS FROM SECTION IV**.

*Please complete the table below, describing the supporting documentation you are submitting*.

| Description of Documentation Provided | Amount |
|---|---|
| *Example: Unauthorized bank transfer* | *$500* |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
| **TOTAL CLAIMED:** |  |

If you have more expenses than rows, you may attach additional sheets of paper to account for them. Please print your name and sign the bottom of each additional sheet of paper.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

**Your claim must be submitted online or postmarked by:**

**[Claims Deadline]**

*Lehrbach v. EMM Loans, LLC*
Case No. 1:25-cv-02040
District Court of New Jersey

**DATA INCIDENT SETTLEMENT CLAIM FORM**

**Your claim must be submitted online or postmarked by:**

**[Claims Deadline]**

---

## IV. ALTERNATIVE CASH PAYMENT

☐ Check this box if you want to claim a one-time $50.00 cash payment. **DO NOT CLAIM THIS BENEFIT IF YOU ARE CLAIMING PAYMENTS FROM SECTION III**.

## V. PAYMENT SELECTION

Please select **one** of the following payment options, which will be used if you are claiming a cash payment.

☐ **PayPal**
Email address, if different than you provided in Section 1:_____

☐ **Venmo**
Mobile number, if different than you provided in Section 1:_____

☐ **Zelle**
Email address or mobile number, if different than you provided in Section 1:_____

☐ **Virtual Prepaid Card**
Email address, if different than you provided in Section 1:_____

☐ **Physical Check**
Payment will be mailed to the address provided in Section 1.

## VI. ATTESTATION & SIGNATURE

I swear and affirm on penalty of perjury that the information provided in this Claim Form, including supporting documentation, is true and correct to the best of my knowledge. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim is considered complete and valid.

_____    _____    _____
Signature                                    Printed Name                              Date

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

— EXHIBIT  D —

## UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDA LEHRBACH, on behalf of herself and all others similarly situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>EMM LOANS, LLC,<br><br>                              Defendant. | CASE NO. 1:25-cv-02040 (KMW/EAP) |

## [PROPOSED] ORDER GRANTING
## <u>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>

Before the Court is Plaintiff's Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the terms of which are set forth in a Settlement Agreement (the "Settlement Agreement") between Plaintiff Linda Lehrbach ("Plaintiff") and EMM Loans, LLC, ("Defendant" or "EMM") (together, the "Parties"), with accompanying exhibits attached to Plaintiff's Memorandum of Law in Support of the Motion for Preliminary Approval of Class Action Settlement.[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

1. **<u>Class Certification for Settlement Purposes Only</u>**. The Settlement Agreement provides for a Settlement Class defined as follows:

> All individuals residing in the United States whose PII was implicated in the Incident discovered by EMM in February 2024, including all individuals who received notice of the Incident.

Excluded from the Settlement Class are (1) the judges presiding over this Litigation, and members of their direct families; and (2) the Defendant, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and the Class Representative seeks similar relief as the claims of the Settlement Class Members; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class

2

as the Class Representative has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2.    **Settlement Class Representative and Settlement Class Counsel**. The Court finds that Plaintiff Linda Lehrbach will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Settlement Class Representative. Additionally, the Court finds Cassandra P. Miller of Strauss Borrelli PLLC will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel.

3.    **Preliminary Settlement Approval**. Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the

3

Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the equitable treatment of the Settlement Class Members under the Settlement, and all of the other factors required by Rule 23 and relevant case law— including the *Girsh* factors and the *Prudential* factors. The Court further finds that the Settlement appears to satisfy the requirements of Rule 23(e)(2), including that: (i) the Class Representative and Class Counsel have adequately represented the class; (ii) the Settlement was negotiated at arm's length; (iii) the relief provided is adequate; and (iv) the Settlement treats class members equitably relative to each other.

4.    **Jurisdiction**. The Court has subject matter jurisdiction and personal jurisdiction over the parties before it. Additionally, venue is proper in this District.

5.    **Final Approval Hearing**. A Final Approval Hearing shall be held on

_____

at  _____,

where the Court will determine, among other things, whether: (a) the Settlement Class should be finally certified for settlement purposes; (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved; (c) this action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth

in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of Attorney Fees, Costs, and Expenses should be approved; and (f) the application of the Settlement Class Representative for a Service Award should be approved.

6.    **Settlement Administrator**. The Court appoints Simpluris as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7.    **Notice**. The proposed notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement are hereby approved. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with the Parties, but without further order of the Court.

8.    **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but

5

not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Fed. R. Civ. P. 23(b)(3); and (e) and meet the requirements of the Due Process Clauses of the United States Constitution and the New Jersey Constitution. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members. The Settlement Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9.    **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded (i.e., "opt-out") from the Settlement Class must individually sign and timely submit an opt-out request in the manner provided in the Settlement Agreement. The written request must clearly manifest a person's intent to be excluded from the Settlement Class, as set forth in the Settlement Agreement, and must be submitted individually, *i.e.*, one request is required for every Settlement Class Member seeking exclusion. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Deadline, which is no later than sixty (60) days after the Notice Deadline, and as stated in the Notice. If a Final Approval Order

6

and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Approval Order and Judgment. All Persons who submit valid and timely requests to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

10.    **Objections and Appearances**. A Settlement Class Member desiring to object to the Settlement Agreement may submit a timely written objection by the Objection Deadline in the manner provided in the Settlement Agreement. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Deadline." Any such objections to the Settlement Agreement must be written and must include all of the information required by the Settlement Agreement. To be timely, written notice of an objection must be filed by the Objection Deadline, which is no later than sixty (60) days from the Notice Deadline. Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action, and shall be precluded from seeking any review of the Settlement Agreement and/or Final Approval Order and Judgment by appeal or other means.

7

The provisions stated in the Settlement Agreement shall be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

11.     **Claims Process**. Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice. The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

12.    **<u>Termination of Settlement</u>**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or (c) there is no Effective Date. In such event, (i) the Parties shall be restored to their respective positions in the Action prior to execution of the Settlement Agreement and shall jointly request that all scheduled Action deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

13.    **<u>Use of Order</u>**. This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or propriety of certifying any class. Nor shall this Preliminary Approval Order be construed or used

as an admission, concession, or declaration by or against the Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Action or in any other lawsuit.

14.     **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

15.     **Stay of Litigation**. All proceedings in the Action, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

16.     **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| | |
|---|---|
| EMM provides list of Settlement Class Members to the Settlement Administrator | 15 days after Preliminary Approval |
| Settlement Administrator on behalf of EMM to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 28 days of filing of the Preliminary Approval Motion |
| Long Form and Short Form Notices Posted on the Settlement Website | No later than 30 days after Preliminary Approval, or prior to the Settlement Website going live |
| Notice Deadline | 30 days after Preliminary Approval Order entered. |
| Class Counsel's Fee and Expense Application | 14 days before Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Deadline |
| Opt-Out Deadline | 60 days after Notice Deadline |
| Claims Deadline | 90 days after Notice Deadline |
| Settlement Administrator Provide List of Opt-Outs to Counsel for the Parties | 10 days after the Opt-Out Deadline (i.e. 70 days after Notice Deadline) |
| Initially Approved Claims List | 30 days after Claims Deadline |
| Initially Rejected Claims List | 30 days after Claims Deadline |
| | |
| **Final Approval Hearing** | 120 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | 14 days before Final Approval Hearing Date |
| Settlement Administrator Provides Court Notice of Opt-Outs and/or Objections | 14 days before Final Approval Hearing Date |
| Payment of Attorneys' Fees and Expenses Class Representative Service Award | 7 days after Effective Date |
| Settlement Website Deactivation | 90 days after Effective Date |

11

**IT IS SO ORDERED** on _____.


_____
HON. MAGISTRATE ELIZABETH A. PASCAL
UNITED STATES DISTRICT JUDGE

12

— EXHIBIT  E —

## UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

LINDA LEHRBACH, on behalf of
herself and all others similarly situated,

      Plaintiff,

  v.

EMM LOANS, LLC,

      Defendant.

CASE NO. 1:25-cv-02040
(KMW/EAP)

## [PROPOSED] ORDER GRANTING
## <u>FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>

Before the Court is Plaintiff's Unopposed Motion for Final Approval of Class

Action Settlement ("Motion for Final Approval"), requesting that the Court enter an

Order and Judgment Granting Final Approval of the Class Action Settlement ("Final

Order and Judgment") involving Plaintiff Linda Lehrbach ("Plaintiff") and EMM

Loans LLC, ("Defendant" or "EMM") (together, the "Parties"), as fair, reasonable,

adequate, and in the best interests of the Settlement Class.

Having reviewed and considered the Settlement Agreement and Plaintiff's

Unopposed Motion for Final Approval, and having conducted a Final Approval

Hearing, the Court, pursuant to Rule 23, makes the findings and grants the relief set

forth below, approving the Settlement upon the terms and conditions set forth in this

Final Order and Judgment.

   **THE COURT** not being required to conduct a trial on the merits of the case

1

or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Rule 23 to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate, and in the best interests of the Settlement Class; and

**THE COURT** having considered all the documents filed in support of the Settlement, and having fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court;

**IT IS ORDERED** on _____ that:

1. The Settlement involves allegations in Plaintiff's Class Action Complaint that Defendant was impacted by a data breach that which allegedly caused injuries to Plaintiff and the Settlement Class.

2. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

3. Unless otherwise noted, words spelled in this Final Order and Judgment with initial capital letters have the same meaning as set forth in the Settlement

2

Agreement, except as otherwise may be indicated.

4.    On _____, the Court entered an Order Granting Preliminary Approval of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), which among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of Notice under the Notice Program set forth in the Settlement Agreement; (b) preliminarily certified a Settlement Class; (c) preliminarily appointed Plaintiff as the Class Representative; (d) provisionally appointed Cassandra P. Miller of Strauss Borrelli PLLC as Settlement Class Counsel; (e) preliminarily approved the Settlement Agreement and the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; (f) set deadlines and procedures for Settlement Class Members to request exclusion from and to object to the Settlement; (g) approved and appointed Simpluris as the Settlement Administrator; and (h) set the date for the Final Approval Hearing.

5.    In the Preliminary Approval Order, pursuant to Rule 23, the Court preliminary certified the Settlement Class in this matter defined as follows:

> All individuals residing in the United States whose PII was implicated in the Incident discovered by EMM in February 2024, including all individuals who received notice of the Incident.

Excluded from the Settlement Classes are: (1) the judges presiding over this Litigation, and members of their direct families; and (2) the Defendant, their

3

subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest. The Court finally certifies the Settlement Class, as defined above and in the Preliminary Approval Order, pursuant to Rule 23, for settlement purposes only.

6. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement and Settlement. The Court finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

7. The terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Order and Judgment and the terms of the Settlement Agreement.

8. Notice of the Settlement, Final Approval Hearing, the Motion for Attorney Fees, Costs, and Service Award have been provided to Settlement Class Members as directed by this Court's Orders. Defendant has complied with the requirements of 28 U.S.C. § 1715 regarding the CAFA Notice.

9. The Court finds that such Notice constitutes reasonable notice of the commencement of the action and the Settlement as directed by the Court and meets all applicable requirements of law pursuant to Rule 23 and meets the requirements

4

of the Due Process Clauses of the United States Constitution and the New Jersey Constitution.

10.    The deadlines for Settlement Class Members to object to or opt-out of the Settlement have passed.

11.    _____objections were filed by Settlement Class Members. The Court has considered all objections (if any) and finds the objections (if any) do not counsel against Settlement Agreement approval, and the objections are hereby overruled in all respects.

12.    All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

13.    As of the final date of the Opt-Out Period, _____ potential Settlement Class Members have submitted a valid Opt-Out Request to be excluded from the Settlement. The names of those persons (if any) are set forth in Exhibit _____ to this Order (if necessary). Those persons (if any) are not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

14.    The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the

5

Court.

15.    Pursuant to the Settlement Agreement, Defendant and the Settlement Administrator shall implement the Settlement in the manner and timeframe as set forth therein.

16.    The Court appoints Plaintiff Linda Lehbrach as Class Representative.

17.    The Court appoints Cassandra P. Miller of Strauss Borrelli PLLC as Settlement Class Counsel.

18.    Pursuant to the Settlement Agreement, Plaintiff and the Settlement Class Members release claims against Defendant and all Released Persons, as defined in the Settlement Agreement. Released Claims shall not include the right of any Settlement Class Member, Plaintiff's counsel, Settlement Class Counsel, or any of the Released Persons to enforce the terms of the Settlement contained in the Settlement Agreement and shall not include the claims of those persons identified in Exhibit _____ to this Final Order and Judgment, who have timely and validly requested exclusion from the Settlement Class.

19.    On the Effective Date, the Parties and each and every Settlement Class Member shall be bound by the Settlement Agreement and shall have recourse only to the benefits, rights, and remedies provided therein. No other action, demand, suit, arbitration, or other claim may be pursued against Defendant or any Released Persons with respect to the Released Claims.

20.    Upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, pursuing, or participating in any recovery in any action, lawsuit or administrative, regulatory, arbitration, or other proceeding in this or any other forum (other than participation in the Settlement as provided in the Settlement Agreement) in which any of the Released Claims is asserted.

21.    On the Effective Date and in consideration of the promises and covenants set forth in the Settlement Agreement, (i) Plaintiff and each Settlement Class Member, and each of their respective executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, legal representatives, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, and each of them (collectively and individually, the "Releasing Persons"), and (ii) Settlement Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns will be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, completely, and forever released and discharged the Released Persons from the Released Claims. The release set forth in the preceding sentence (the "Release") shall be included as part of any

judgment, so that all Released Claims shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion.

22.    Without in any way limiting the scope of the Release, the Release covers, without limitation, any and all claims for attorneys' fees, costs, and expenses incurred by Settlement Class Counsel or any other counsel representing Plaintiff or Settlement Class Members, or any of them, in connection with or related in any manner to the Lawsuit, the Settlement, the administration of such Settlement and/or the Released Claims, as well as any and all claims for the Service Award to Plaintiff.

23.    Subject to Court approval, as of the Effective Date, all Settlement Class Members shall be bound by the Settlement Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Lawsuit or the Settlement.

24.    As of the Effective Date, the Released Persons are deemed, by operation of the entry of this Final Order and Judgment, to have fully released and forever discharged Plaintiff, the Settlement Class Members, Settlement Class Counsel, or any other counsel representing Plaintiff or Settlement Class Members, or any of them, of and from any claims arising out of the Lawsuit or the Settlement. Any other claims or defenses Defendant or other Released Persons may have against Plaintiff, the Settlement Class Members, Settlement Class Counsel, or any other counsel representing Plaintiff or Settlement Class Members, including, without

8

limitation, any claims based upon or arising out of any employment, debtor-creditor, contractual, or other business relationship that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Lawsuit or the Released Claims are not released, are specifically preserved, and shall not be affected by the preceding sentence. Nothing in this Release is intended to, does or shall be deemed to release any claims not arising out of, based upon, resulting from, or related to the Data Breach

25.    As of the Effective Date, the Released Persons are deemed, by operation of entry of the Final Order and Judgment, to have fully released and forever discharged each other of and from any claims they may have against each other arising from the claims asserted in the Lawsuit, including any claims arising out of the investigation, defense, or Settlement of the Lawsuit.

26.    The matter is hereby dismissed with prejudice and without costs and fees, except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

27.    This Final Order and Judgment, and all statements, documents, or proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability

9

for this Litigation or other litigation of any claims or class that have been, or could have been, asserted in the Litigation.

28.     This Final Order and Judgment, and all statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing by Defendant; that Plaintiff, any Class Member, or any other person has suffered any damage due to the Data Incident; or that the claims in the Litigation or any similar claims are suitable for class treatment. Notwithstanding the above, the Settlement Agreement and this Final Order and Judgment may be filed in any action by Defendant, Class Counsel, or Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment.

29.     This Final Order and Judgment resolves all claims against all parties in the Lawsuit and is a final order. There is no just reason to delay the entry of final judgment in this matter, and the Clerk is directed to file this Final Order and Judgment as the final judgment in this matter.

**IT IS SO ORDERED** on _____.

_____

HON. MAGISTRATE ELIZABETH A. PASCAL
UNITED STATES DISTRICT JUDGE

10